**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| FRANK JAMES DADE, <br><br>    Plaintiff, <br><br>    v. <br><br> AARON D. KENNARD et al., <br><br>    Defendants. | Case No. 2:06-CV-869 TC <br><br><br> **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |

Plaintiff, Frank James Dade, an inmate at the Salt Lake County Adult Detention Center, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2008). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b).  *See* 28 U.S.C.A 1915.  This case is now before the Court for screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the

plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, No. 06-5222, 2007 WL 4376068, at *3 (10th Cir. Dec. 17, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). "'Factual allegations [in a complaint] must be enough to raise a right to relief above

the speculative level'. . . . That is, there must be 'enough facts to state a claim to relief that is plausible on its face.'" *Lynn v. Anderson-Varella*, No. 07-3046, 2007 WL 4230701, at *3 (10th Cir. Nov. 30, 2007) (quoting *Bell Atl. Corp.*, 127 S. Ct. at 1965, 1974). Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

## II. Plaintiff's Allegations

Plaintiff's Amended Complaint alleges cruel and unusual punishment under Eighth Amendment based on failure to provide safe transportation. Plaintiff states that he is disabled and uses a wheelchair. Plaintiff alleges that on several occasions jail staff transported him to or from court in a van that was not handicapped accessible and that Defendants routinely fail to properly secure his seatbelt. Plaintiff also states that on several occasions his wheelchair was not properly secured and it moved around during transport. Plaintiff alleges that due to not

being properly secured his "legs and feet were banged around," he was "choked by the seatbelt numerous times," and he suffered redness, abrasions, back strain, pain, and stress.  Plaintiff's Complaint seeks compensatory and punitive damages for pain and suffering and mental anguish.

### III. Eighth Amendment Standard

Plaintiff's allegations are best characterized as an Eighth Amendment conditions-of-confinement claim.  The Eighth Amendment's prohibition on cruel and unusual punishment requires that prison officials "provide humane conditions of confinement by ensuring that inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by *taking reasonable measures to guarantee inmates' safety*."  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (emphasis added).

A conditions-of-confinement claim consists of both an objective and subjective component.  The objective component is met only if the condition complained of is "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994).  A condition is sufficiently serious if it poses "a substantial risk of serious harm" to the inmate.  *Id.*  Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be

carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).  The Eighth Amendment does not give rise to a federal cause of action whenever prisoners are inconvenienced or suffer *de minimis* injuries.  *Hernandez v. Denton,* 861 F.2d 1421, 1424 (9th Cir. 1988) *vacated on other grounds sub nom. Denton v. Hernandez,* 112 S. Ct. 1728 (1992).

The subjective component of a conditions-of-confinement claim requires the plaintiff to show that the defendant exhibited "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 832.  Deliberate indifference "requires both knowledge and disregard of possible risks, a *mens rea* on a par with criminal recklessness."  *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001).  The defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

### IV. Sufficiency of Plaintiff's Claims

Applying the standards set forth in *Farmer*, the Court finds that the deprivation alleged by Plaintiff is not objectively sufficiently serious to state an Eighth Amendment claim.  The Tenth Circuit has held that failure to properly seatbelt an adult

prisoner, by itself, does not create a substantial risk of serious harm, even where the inmate is disabled or is otherwise incapable of seatbelting himself.  *Dexter v. Ford Motor Co.*, Nos. 02-4122, 02-4137, 637 WL 254753 (10th Cir. Feb. 12, 2004).  As the Court explained in *Dexter*, "[t]he connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis."  *Id*. at *640.  Thus, "a failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension."  *Id*.

The conclusion that Plaintiff here was not placed at substantial risk of serious harm is also demonstrated by the minor injuries he allegedly suffered.  Plaintiff essentially alleges that he sustained only bumps and bruises, however, as demonstrated in *Dexter*, where the plaintiff was rendered a quadriplegic, even severe injuries resulting from accidents during transport do not support an Eighth Amendment claim.  Other Circuits have reached the same conclusion.  In *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902 (8th Cir. 1999), the Eighth Circuit rejected a § 1983 claim by a pretrial detainee who was rendered a quadriplegic when he was thrown forward while shackled in the prisoner compartment of a patrol vehicle that was

6

not equipped with seatbelts.  Despite the complete lack of seatbelts and the plaintiff's severe injuries the Court held that the facts did not show a "substantial risk of serious harm" that would violate the constitution.  *Id.* at 906.

Turning to the second prong of the Eighth Amendment standard, Plaintiff's allegations also do not show that Defendants were deliberately indifferent to his safety.  Plaintiff admits that the jail has handicapped accessible vehicles to accommodate disabled inmates.  However, Plaintiff alleges that on a few occasions the handicapped accessible vehicle was unavailable and jail staff were forced to transport Plaintiff in a standard van.  Such isolated incidents do not support Plaintiff's contention that jail staff are deliberately indifferent to the safety of disabled inmates.  Moreover, Plaintiff's allegations do not show that the failure to fasten his seatbelt or to thoroughly secure his wheelchair on several occasions resulted from deliberate indifference.

Thus, the Court concludes that Plaintiff's allegations are insufficient to state a claim of cruel and unusual punishment under the Eighth Amendment.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.  *See* 28 U.S.C.A. § 1915 (West 2008).

DATED this 31st day of October, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL, Chief Judge
United States District Court